**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**PARCER MEAD,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00136-PRL**

**UNITED STATES OF AMERICA,**

**Defendant,**

**____________________________________/**

**ORDER**

This cause is before the Court on Plaintiff's motion to exclude part of the report and related testimony of Defendant's expert, Beau A. Biller ("Biller"), regarding the speed that Plaintiff's motorcycle was traveling. (Doc. 25). Defendant has responded and opposes the motion. (Doc. 26).

Plaintiff states that Defendant's initial expert reports were received in July. (Doc. 25 at 2). Plaintiff asserts that Biller's report was not included in this disclosure and was not provided to Plaintiff until October 5, 2026. (*Id.*). Plaintiff filed the present motion to exclude part of this report and related testimony that same day. (*Id.* at 9).

Specifically, Plaintiff seeks only to exclude Biller's conclusion about the speed of Plaintiff's motorcycle, as well as the related discussion and figures in the report and any testimony Biller may provide about the speed of the motorcycle. (*Id.* at 2). Biller's expert report states that he reached this conclusion about the speed of the motorcycle via the use of "Virtual CRASH, a commercially available physics-based accident-reconstruction program." (Doc. 25-2 at 11-12). Based on simulations run using the program, Biller's report states that "[t]he conservative optimization analysis developed to date indicates that the motorcycle's

speed at impact was no less than approximately 55 miles per hour." (*Id.* at 12). Plaintiff's primary contention in the present motion is that absent Defendant's disclosure of the inputs used by Biller to reach this conclusion, the opinion regarding the motorcycle's speed lacks reliability and impermissibly rests on Biller's say-so. (Doc. 25 at 5-7). Plaintiff does not take issue with other content in Biller's report, Biller's qualifications, or the use of the Virtual CRASH program. (*Id.* at 2, 5).

Defendant responded in opposition to Plaintiff's motion and attached the inputs at issue as an exhibit to the response. (Docs. 26, 26-2). Additionally, Defendant highlights that Plaintiff has not deposed Biller and that Defendant is unopposed to such a deposition taking place. (Doc. 26 at 4). In light of the disclosure of these inputs, Plaintiff may, within **21 days of the date of this order**, confer with Defendant and set a deposition of Biller.

Exclusion of expert testimony is a harsh sanction. *Watson v. USAA Gen. Indem. Co.*, No. 8:22-cv-2813-CEH-SPF, 2024 WL 1685461, at *2 (M.D. Fla. Apr. 4, 2024) ("In general, excluding expert testimony is viewed as a 'drastic' sanction requiring careful consideration." (quoting *Bendik v. USAA Cas. Ins. Co.*, No. 6:19-cv-118-Orl-41EJK, 2019 WL 9466018, at *2 (M.D. Fla. Oct. 25, 2019))). The Court declines to take such a drastic action at this time. Therefore, Plaintiff's motion (Doc. 25) is **denied without prejudice**.

**DONE** and **ORDERED** in Ocala, Florida on October 21, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party